## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Dezeray M. Roblero-Barrios, | Case No. 20-cv-1034 (NEB/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Lawanna Beebout, et al., | |
| Defendants. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Plaintiff Dezeray Roblero-Barrios' Application to Proceeds in forma pauperis (hereinafter "IFP"). [Docket No. 2].

Plaintiff alleges that Defendant Lawanna Beebout misappropriated approximately $6,500 that Plaintiff had deposited into a joint account which appears to have been in the name of Plaintiff and Defendant Beebout. (See, Compl. [Docket No. 1], at 3). Plaintiff filed suit against Defendant Beebout in Idaho small claims court, and while she was initially victorious, the judgment in her favor was later overturned on appeal. (Id. at 4–5). Plaintiff now brings this action against Defendant Beebout; Defendant Debra Heise, who was the Idaho state magistrate judge who vacated the judgment; the Bonner County Sheriff's Department; and "Deputy Hutchinson Badge #309."

Plaintiff did not pay the filing fee for this action; instead, she applied for permission to proceed in forma pauperis. After review, this Court concludes that Plaintiff qualifies financially for IFP status.

However, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. See, 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); Carter v. Schafer, 273 F. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. Aten v. Scottsdale Ins. Co., 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." Id. at 570. In assessing the sufficiency of the complaint, the Court may disregard legal conclusions that are couched as factual allegations. See, Ashcroft v. Iqbal, 556 U.S. 662 (2009).

While the Court is required to construe the content within Plaintiff's pleadings liberally as she is proceeding pro se, plaintiff is nevertheless bound by applicable procedural and substantive law. See, Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004); Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984). Additionally, "[t]hough pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (internal citations omitted); see, e.g., Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989) (regarding a pro se plaintiff, "we will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded"); Cunningham v. Ray,

2

648 F.2d 1185, 1186 (8th Cir. 1981) ("[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law.").

As the basis for this Court's jurisdiction over the present action, Plaintiff relies primarily upon 28 U.S.C. § 1332, which provides original jurisdiction over claims for relief under state law where the parties are of diverse citizenship and the amount in controversy requirements are satisfied. However, Plaintiff also alleges that the Idaho officials "[h]ave and continue to act under the color of state law" and that "the unlawful conduct alleged herein" violates unspecified federal law. Based on those assertions, this Court construes Plaintiff's Complaint in her favor as raising a claim for relief pursuant to 42 U.S.C. § 1983 with 28 U.S.C. § 1331 providing the basis for jurisdiction over that claim.

Plaintiff's § 1983 claim, however, is insufficiently pleaded.

As an initial matter, Plaintiff's claim against Defendant Debra Heise is centered on the fact that Defendant Heise, acting in her role as a judicial officer, vacated the initial judgment on appeal from small claims court. Plaintiff fails to adequately allege why that determination was *wrong*, much less why Judge Heise acted unlawfully. But even leaving that aside, the alleged action of Defendant Heise of which Plaintiff complains is squarely within the domain of actions for which judicial actors are immune from suit. See, e.g., Mireles v. Waco, 502 U.S. 9, 9 (1991) (per curiam) ("A long line of this Court's precedents acknowledges that, generally, a judge is immune from a suit for money damages."). Thus, Plaintiff cannot seek relief from Defendant Heise on the grounds that Judge Heise allegedly decided an issue incorrectly upon appeal.

The § 1983 claims against the other Idaho officials fare no better. The Bonner County Sheriff's Department is not a proper entity amenable to suit under § 1983. See, e.g., De La Garza v.

3

Kandiyohi Cnty. Jail, Correctional Institution, 18 F. App'x 436, 437 (8th Cir. 2001) (per curiam).

Thus, all of Plaintiff's claims against the Bonner County Sheriff's Department necessarily fail.

Defendant Hutchinson, as a sheriff's deputy, may be sued under § 1983, but Plaintiff fails to raise any allegations in her Complaint specific to any actions by Defendant Hutchinson. In fact, outside of being included in the list of Defendants, Defendant Hutchinson's name appears only once in the Complaint, and even then, it appears only conclusorily as being among those generically alleged to have "act[ed] under the color of state law . . . ." (Compl., [Docket No. 1], at 6). This is insufficient to put Defendant Hutchinson on notice of any plausible basis for the § 1983 claims being brought against him in this action.

The only hint regarding the claim being brought against Defendant Hutchinson comes in the relief section of the Complaint, where Plaintiff states that she seeks the issuance of "an order for the Bonner County Sheriff's Department to proceed with a criminal investigation and issue a warrant for the arrest of Lawanna Beebout for theft, fraudulent activity, [e]mbezzlement, and perjury while under oath." (Compl., [Docket No. 1], at 6). But neither a sheriff's departments nor sheriff's deputies generally make ultimate decisions regarding whether to pursue a criminal case in Court. That decision is left to prosecutors, and it is a decision that, like the judicial decision of Judge Heise, is cloaked in immunity. See, e.g., Hartman v. Moore, 547 U.S. 250, 262 (2006); Mullen v. United States, 966 F.2d 1459 (8th Cir. 1992) (per curiam). Even if Plaintiff had included specific allegations against a viable defendant regarding the decision to prosecute Defendant Beebout, her claim for relief under Federal law could not go forward.

This leaves for the Court's consideration only Plaintiff's state-law claims as alleged against Defendant Beebout. These claims form the nucleus of this action.

First, although 28 U.S.C. § 1332 provides a basis for diversity jurisdiction over state-law claims, it does so only "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." 28 U.S.C. § 1332(a). The precise amount at issue between Plaintiff and Defendant Beebout is not evident from the pleading, but it is certainly clear that the amount is far, far less than the requisite threshold amount of $75,000. As observed above, the amount at issue appears to be approximately no more than $6,500. Therefore, § 1332(a), cannot provide independent jurisdiction over the Plaintiff's state law claims, even if the parties are of diverse citizenship.[1]

Second, Plaintiff makes clear in her Complaint that the state law claims have already been adjudicated—twice, in fact. The claims were initially brought in the Idaho state courts where Plaintiff was ultimately unsuccessful. (See, Compl., [Docket No. 1], at 5). Plaintiff then brought what appears, from the materials she submitted to this Court, to be essentially this same action in Minnesota state court, but that action was dismissed because "the dispute was fully litigated on the merits . . . ." Id.

The Rooker-Feldman doctrine "deprives federal courts of jurisdiction in 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" Banks v. Slay, 789 F.3d 919, 922 (8th Cir. 2015) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).

---

[1] Further, the Eighth Circuit has instructed district courts to generally not exercise supplemental jurisdiction over state law claims where, as recommended here, all federal claims are dismissed prior to trial. See, e.g., Hervey v. County of Koochiching, 527 F.3d 711, 726–27 (8th Cir. 2008).

Regarding her state law claims against Defendant Beebout, Plaintiff seeks what is in effect an appeal from the adverse state court judgments entered in both Idaho and Minnesota. This Court does <u>not</u> have jurisdiction to entertain such an appeal even if diversity of citizenship could be met.

Accordingly, it is recommended that this matter be dismissed. Specifically, the undersigned recommends that all claims be **dismissed with prejudice**.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1.     This matter be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B); and

2.     Plaintiff's Application to proceed in forma pauperis of Barrios, [Docket No. 2], be **DENIED**.


Dated: August 12, 2020                          s/Leo I. Brisbois
                                                Hon. Leo I. Brisbois
                                                United States Magistrate Judge


**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).